# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

RANDY PAUL,

                Plaintiff,

-vs-

DONALD SELSKY, et al.

                Defendants.

DECISION and ORDER
02-CV-6347-CJS

## APPEARANCES

For Plaintiff:
James V. D'Anza, Esq.
Paul F. Keneally, Esq.
Underberg & Kessler, LLP
300 Bausch & Lomb Place
Rochester, NY 14604

For Defendant:
J. Richard Benitez, A.A.G.
NYS Attorney General's Office
Department of Law
144 Exchange Boulevard
Rochester, NY 14614

## INTRODUCTION

**Siragusa, J.** This case is before the Court to address Plaintiff's counsels' response to the Court's March 11, 2009, Order to Show Cause why the case should not be dismissed for failure to prosecute. The Order was issued pursuant to Western District of New York Local Rule 41.2, and counsel have responded by filing two affidavits. For the reasons stated below, counsels' request for a 90-day period during which to attempt to locate their client is granted.

## BACKGROUND

Plaintiff, acting *pro se*, filed a complaint on June 28, 2002, Defendants answered, and on October 4, 2004, the case was transferred to the undersigned. The case was on the Court's March 14, 2005, calendar call at which time Plaintiff had his sister telephone the Court to explain that he was in prison. On April 8, 2005, the case was referred to United States Magistrate Judge Jonathan W. Feldman and he issued a Scheduling Order on June 24, 2005. That Order set the date of January 30, 2006, for the completion of discovery, and on February 13, 2006, the date was extended to May 15, 2006. Defendants filed a motion for summary judgment, and the Court issued, on August 16, 2006, a notice pursuant to *Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir. 2001) which read as follows:

RULE 56 MOTIONS FOR SUMMARY JUDGMENT — <u>IRBY</u> NOTICE

(*See Irby v. New York City Transit Authority*, 26 F.3d 442 (2d Cir. 2001))

A party in your lawsuit has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which means that summary judgment will be granted if the Court finds that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

**Failure to Respond to This Motion For Summary Judgment May Result in The Grant of Judgment in Favor of The Party Seeking Summary Judgment and The Dismissal of All or Part of The Case.**

<u>Opposing Affidavits and Exhibits</u>

Therefore, if the motion seeks summary judgment against you, you **MUST** submit opposing papers in the form f one or more affidavits (or affirmations) made upon the personal knowledge of the person signing each affidavit. Each affidavit must set forth admissible facts and must show that the person

submitting that affidavit is competent to testify as to the matters stated therein (because he or she has personal knowledge of the facts set forth in the affidavit). If you wish to submit exhibits in opposition to the motion, you may attach to the affidavit (or submit separately) sworn or certified copies or all papers or parts thereof which are referred to in an affidavit.

### Statement of Material Facts Requiring a Trial

If the motion seeks summary judgment against you, you **MUST** also submit a separate, short, and concise tatement of the material facts as to which you contend there exists a genuine issue which must be tried. See Rule 56 of the Local Rules of Civil Procedure (available on the Western District web site at www.nywd.uscourts.gov). Note that all of the material facts which have been set forth in the statement served on you by the moving party (which that party claims are material facts about which there is no genuine ssue to be tried) will be deemed to have been admitted by you unless you controvert the facts in your statement of material facts presenting a genuine issue requirin a trial.

### Memorandum of Law

If the motion seeks summary judgment against you, you MUST also submit a separate answering memorandum of law, Local Rule 7.1 (e), which may not exceed 25 pages in length without prior approval of the Court, Local Rule 7.1 (f). Failure to comply may result in the motion being decided against the noncomplying party.

NOTE: If you are the party bringing the summary judgment motion, you may file reply papers ONLY if you stat on the notice of motion that you wish to do so and/or if the court order scheduling the motion gives yo the opportunity for doing so. *See* Local Rules of Civil Procedure Rule 7.1 (c).

(*Irby* Notice, Docket No. 24 (emphasis in original).)

On November 15, 2006, the Court granted Plaintiff's motion to appoint counsel and appointed the above-referenced attorneys *pro bono*. Plaintiff notified the Court by letter in November 2006 that he would be released from custody and gave the Court a local address in Horseheads, New York, where he would be residing, beginning in December 2006.

On September 6, 2007, Judge Feldman granted Plaintiff's motion to amend, and set a 90-day period for further fact discovery. The amended complaint was filed with the Court on December 13, 2007, and on May 11, 2009, the Court issued the Order to Show Cause described above.

In their affidavits, counsel for Plaintiff set out the difficulties encountered in communicating with their client, especially following his reincarceration at Gowanda Correctional Facility, the site of the acts underlying the lawsuit. Following his release from custody on February 6, 2009, Plaintiff has not contacted counsel. Nevertheless, counsel request a 90-day period during which they will attempt to locate Mr. Paul, who may be in Alabama.

## STANDARDS OF LAW

Underlying this Court's local rule is Federal Rule of Civil Procedure 41 which discusses involuntary dismissals. The Second Circuit addressed that issue in *Nita v. Connecticut Dept. of Environmental Protection*, 16 F.3d 482, 485 (2d Cir. 1994), and wrote:

> It is well established that a district court has the power to dismiss an action for failure to prosecute and that such a dismissal will be reviewed only for abuse of discretion.... In determining whether there has been such an abuse of discretion, we examine principally
>
>> "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has 'take[n] care to "strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard...." ', and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

*Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d at 932 (brackets in original) (quoting *Harding v. Federal Reserve Bank*, 707 F.2d at 50 (quoting *Merker v. Rice*, 649 F.2d 171, 174 (2d Cir.1981))); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir.1993); *Peart v. City of New York*, 992 F.2d at 461; *Romandette v. Weetabix Co.*, 807 F.2d 309, 312 (2d Cir.1986). Generally, no one factor is dispositive.

*Nita*, 16 F.3d at 485 (some citations omitted).

## ANALYSIS

With regard to the factors the Second Circuit identified in *Nita*, this is the second time this case has sat without activity for a period of time greater than six months. The first was in January 2003 after Defendants filed their answers after which Plaintiff did not take any action until the Court's Calendar call of March 22, 2005, a period greater than a year. The second time was after the amended complaint was filed on December 13, 2007, until March 11, 2009, when the Court issued its Order to Show Cause.

Plaintiff has not received notice that further delays would result in dismissal, however, he did receive an *Irby* notice, as detailed above, warning him that, "Failure to Respond to This Motion For Summary Judgment May Result in The Grant of Judgment in Favor of The Party Seeking Summary Judgment and The Dismissal of All or Part of The Case." This case has been pending since 2002 and the Court determines that further delay will prejudice Defendants, since they may be required to return for a trial long after they have left the assignments that led to their being named as parties, and, indeed, perhaps long after they have retired from State service.

The Court has previously struck the balance in favor of Plaintiff's Due Process rights over its need to clear the docket. However, now the Court does not believe any lesser sanctions, other than dismissal, are appropriate, since this is the second time that Plaintiff's

prosecution of this case has lapsed for over a year. In light of the circumstances described in counsels' affidavits, though, the Court will grant the application to allow an additional ninety days to contact Plaintiff. Failing contact with Plaintiff in that time frame, the Court will discharge counsel and dismiss the lawsuit.

## CONCLUSION

The Court grants the application in counsels' affidavits (Docket No. 41). Accordingly, it is hereby,

ORDERED, that Plaintiff's counsel shall have 90 days from the date this Decision and Order is docketed to attempt to contact Plaintiff; and it is further

ORDERED, that Plaintiff's counsel shall notify the Court by the ninetieth day as to whether Plaintiff has contacted counsel; and it is further

ORDERED, that after the 90-day period has expired, if Plaintiff has not responded to either the Court or counsel, then James V. D'Anza, Esq., and the firm of Underberg & Kessler, LLP, is discharged; and it is further

ORDERED, that after the 90-day period has expired, if Plaintiff has not responded to either the Court or counsel, then the Clerk shall enter judgment for Defendants and close this case.

IT IS SO ORDERED.

Dated: May 28, 2009
Rochester, New York

ENTER:

*Charles Siragusa*
CHARLES J. SIRAGUSA
United States District Judge